IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DANIEL ROGER RACHELL, <br><br> Defendant. | CR 14–25–M–DLC <br><br> ORDER |

FILED
JUN 19 2014
Clerk, U.S. District Court
District Of Montana
Missoula

Defendant moves the Court to sever Count II of the Indictment and order a separate trial and moves the Court for an order in limine with respect to certain categories of evidence. For the reasons explained, the Court denies the motion to sever and reserves ruling in part, grants in part, and denies in part the motion in limine.

The Defendant has been charged in a two count indictment with Threats Against the President, in violation of 18 U.S.C. § 871 (Count I) and Threats Against Former Presidents and Certain Other Persons in violation of 18 U.S.C. § 879 (Count II). Specifically, the Indictment charges that the Defendant threatened to kill the President and the First Family. The Indictment charges that both crimes

1

occurred between January 2014 and March 22, 2014.

I.    **Motion to Sever**

Defendant contends that Counts I and II should not have been joined under Rule 8 and, even if they were properly joined, the should be severed under Rule 14 to avoid the risk of undue prejudice.

Rule 8(a) of the Federal Rules of Criminal Procedure permits joinder of offenses that are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." "[T]he validity of the joinder is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990); *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007)("a valid basis for joinder should be discernable from the face of the indictment").

It is clear, from the face of the Indictment, that the two charges are validly joined here. Both incidents allegedly occurred during the same relevant time frame and the crimes are "of the same or similar character." Fed.R.Crim.P. 8(a). Thus, joinder was not improper under Rule 8(a).

Defendant also fails to show that severance is necessary. Rule 14 of the Federal Rules of Criminal Procedure authorizes a court to order separate trials prevent prejudice arising from joinder of offenses. "The test is whether joinder is

so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *U.S. v. Kenny,* 645 F.2d 1323, 1345 (9th Cir. 1981). The burden is on the defendant to "make a strong showing of prejudice." *Id.* The Ninth Circuit recognizes that "[t]here is a high risk of undue prejudice whenever . . . joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." *U.S. v. Lewis,* 787 F.2d 1318, 1321 (9th Cir. 1986).

Defendant contends that severance is necessary because the jury could convict on Count II based on evidence that relates only to Count I. Defendant contends that the evidence related to Count II is especially thin, and that therefore there is a risk that the strength of the government's case with respect to Count I will skew the jury's perception of the government's case with respect to Count II.

The Court concludes that whatever potential prejudice may result from joinder in this case can be adequately addressed by appropriate ameliorative jury instructions which require the jury to consider the counts and the evidence thereof separately. Notably, the jury will not be overwhelmed by evidence in this case and the evidence will be largely overlapping with respect to both counts. The Court trusts the jury will be able to separate the evidence with respect to each count and appropriately apply the law. If the evidence as to Count II is weak as contended

by Defendant, then this is a matter to be addressed to the Court at the close of the government's case in a Rule 29 motion.

Furthermore, the Court concludes that the proposed 404(b) evidence, if admissible, is relevant to both Count I and Count II because the evidence informs the subjective intent element with respect to both counts. Therefore, unlike *Lewis*, this is not a case where joinder allows evidence of other crimes that would be otherwise inadmissible. Joinder here is not so manifestly prejudicial that it outweighs the dominant concern with judicial economy, and the Court therefore declines to exercise its discretion to sever the counts.

**II.     Motion in Limine**

Defendant moves for an order in limine excluding evidence of (1) 404(b) other acts evidence; (2) the circumstances and results of an employment investigation at Valley Veterans Service Center, along with references to Defendant's employment performance; (3) the opinions of laypersons regarding Defendant's mental state or psychiatric condition; (4) Defendant's use of racial slurs and epithets; and (5) any testimony referencing Secret Service Agent Down's question "Did you threaten to kill the President?" and any alleged answer by Defendant. The government does not oppose the motion with respect to categories (2) and (3) above. Accordingly, Defendant's motion with respect to categories (2) and (3) is granted.

1. **404(b) evidence**

Defendant moves to exclude any evidence relating to an investigation by the United States Secret Service and other law enforcement officers into allegations that Defendant threatened to kill President Obama in and around April 2011. The government proposes to introduce evidence about the investigation by way of testimony from a law enforcement officer involved in the 2011 investigation and evidence of the threats by way of testimony from a member of Defendant's family who allegedly heard the Defendant threaten the life of President Obama on more than one occasion in 2011. Defendant contends the evidence should be excluded pursuant to Rule 404(b) and/or Rule 403. The government contends that the evidence is not offered to prove character and action in conformity therewith, but to prove motive, intent, plan, knowledge, and absence of mistake.

Consistent with the First Amendment, the government must prove that the Defendant made a "true threat" against the President and/or the First Family. *Watts v. United States*, 394 U.S. 705, 708 (1969). In threat cases, the Ninth Circuit requires the government to prove that the statement is one that "would be understood by people hearing or reading it in context as a serious expression of an intent to kill or injure" and that "the defendant intended that the statement be understood as a threat." *United States v. Bagdasarian*, 652 F.3d 1113, 1118 (9th Cir. 2011).

The parties agree that the Ninth Circuit pattern jury instruction for 18 U.S.C. § 871 is appropriate for both counts.[1] The pattern instruction provides:

> First, the defendant intentionally threatened, either in writing or orally, to kill the President of the United States;
>
> Second, the defendant intended that the written or oral statement be taken as a threat; and
>
> Third, under the circumstances in which the threat was made, a reasonable person would foresee that it would be understood by persons hearing it as a serious expression of an intention to kill the President of the United States.

Ninth Circuit Pattern Criminal Jury Instruction 8.47 (2010 Edition).

Rule 404(b) prohibits admission of evidence of a crime, wrong, or other act for the purpose of proving "a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed.R.Evid. 404(b)(2).

The Ninth Circuit has adopted a four-part test to determine the admissibility of evidence under Rule 404(b). *United States v. Montgomery*, 150 F.3d 983, 1000 (9th Cir. 1998). First, the evidence of other crimes must tend to prove a material

---

[1] The instruction would be appropriately modified for Count II.

issue in the case. Second, the other crime must be similar to the offense charged. Third, proof of the other crime must be based on sufficient evidence. Fourth, commission of the other crime must not be too remote in time. *Id.* The evidence must also pass Rule 403's balancing test. It is the government's burden to demonstrate the evidence passes these requirements. *Id.*

The Court concludes that the government has met its burden with respect to the second, third, and fourth prong. The alleged past conduct is sufficiently similar to the charged conduct. Indeed, both alleged incidents involve the same conduct, i.e. threatening to kill President Obama. In addition, proof of the past conduct is based on sufficient evidence. The government's proof is supported by the testimony of at least one witness and does not amount to "unsubstantiated inuendo." *U.S. v. Hinton*, 31 F.3d 817, 823 (9th Cir. 1994). Therefore, it passes the "low threshold" required by this part of the test. *Id.* Finally, the crime is not too remote in time. Courts routinely allow evidence of past acts that are far more dated than the evidence proffered here. *See, e.g., U.S. v. Smith*, 282 F.3d 758, 769 (9th Cir. 2002)(11 year old prior act admissible).

Whether the evidence passes the first prong presents more difficulty. The government asserts the proposed evidence passes the first prong of the test because the evidence is relevant to the element of intent, particularly the subjective intent of Defendant to make a statement that would be taken as a real

threat. The government also contends the evidence is relevant to the jury's determination of whether, under the circumstances, a reasonable person would foresee that the statement would be understood by persons hearing it as a serious expression of an intention to kill the President of the United States. In other words, according to the government, evidence of the prior threats, and the details surrounding those threats, "will help establish that [Defendant] knew what he was doing when he made the threats in this case." (Doc. 30 at 13.) The government also notes that in association with the alleged threats in this case there is evidence that Defendant "bragged about being arrested in the past for threatening to kill the President." (Doc. 30 at 13.) Defendant contends that none of this has any probative value other than to demonstrate character and action in conformity therewith.

The Court agrees with Defendant that vague generalizations about the prior incidents are of little, if any, probative value regarding Defendant's subjective intent or that a the reasonable person would foresee that a hearer would regard the present alleged statements as a serious threat. In order for the government's proposed evidence to demonstrate anything about Defendant's intent as it relates to this case, the government must demonstrate that the prior statements and Defendant's prior conduct is similar in detail to that alleged here. In other words, though the past act is facially similar (i.e. alleged threats against the President), for

the evidence to have any probative value with respect to intent, the past acts must be linked with relevant detail to the presently charged conduct. If the past and present statements and conduct are sufficiently similar, then the Defendant may be regarded by the jury as on notice that the statements will be perceived as constituting a true threat. Because the details are critical to assessing the probative value of the evidence and because the evidence has the potential to be unfairly prejudicial if its general character is revealed, the Court agrees with Defendant that a hearing is required to determine whether the evidence should be admitted. The Court will rule on Defendant's related Rule 403 objection to the evidence at that time. Accordingly, the Court reserves ruling as to the admissibility of the 404(b) evidence.

### 2. Defendant's use of racial slurs and epithets

Defendant contends that evidence of his use of racial slurs and epithets in reference to the President is irrelevant and should be excluded under Rules 401 and 403 because the racial slurs are "extremely prejudicial and incendiary." (Doc. 25 at 10.) The government contends that evidence that Defendant used these terms in reference to the President is relevant to Defendant's intent with respect to his statements and relevant to the circumstances and the nature of Defendant's statements.

The Court agrees that Defendant's use of racial slurs and epithets is relevant

to Defendant's intent with respect to his statements, and is relevant to the inquiry of whether a reasonable person would foresee that the statements would be perceived as a true threat. Racial slurs are often described as a form of "hate speech." As such, the fact that Defendant used them is relevant to the intensity of Defendant's response to and perception of the President and the likelihood that threats against the President were serious threats rather than idle talk. As the government notes, "to determine what [Defendant] intended when he threatened to kill the President depends to some extent on what else he said, . . . how often, and using what words." (Doc. 30 at 16.)

The Court also concludes that the evidence need not be excluded pursuant to Rule 403. For the reasons explained above, the evidence is relevant to intent. And while jurors are unlikely to appreciate the use of such slurs, the Court is convinced that the jury will nevertheless be able to appropriately apply the law with respect to the charges against Defendant notwithstanding their distaste for the use of such slurs. The Court concludes the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice. Accordingly, Defendant's motion with respect to racial slurs is denied.

### 3. Defendant's confession

Defendant contends that any testimony regarding Agent Downs's question, "Did you threaten to kill the President?" and Defendant's answer to that question

must be excluded under Rule 403. Defendant contends that the question and Defendant's answer to it will confuse the issues and mislead the jury because the term "threat" is laden with legal meaning. In essence, Defendant contends that because there is a distinction between the lay use of the term "threat" and the legal meaning of the term "threat," the evidence must be excluded pursuant to Rule 403.

Defendant's contention is without merit. The jury will be given appropriate instructions regarding the legal definition of what constitutes a criminal threat against the President, and any potential confusion will be adequately addressed through the opportunity for cross-examination and argument and appropriate jury instructions. Accordingly, Defendant's motion with respect to Agent Downs' question and Defendant's answer is denied.

IT IS ORDERED that the motion to sever (Doc. 22) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion in limine (Doc. 24) is GRANTED IN PART and DENIED IN PART consistent with this Order. The Court reserves ruling on Defendant's motion in limine with respect to the proposed Rule 404(b) evidence. The Court will set a time for a hearing on the motion in limine regarding the Rule 404(b) evidence by separate order.

DATED this 19th day of June 2014.

Dana L. Christensen, Chief Judge
United States District Court